UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| PAUL HUCH, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 1:15-cv-00423-GZS |
| | ) | |
| NICHOLAS MADEIRA, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION FOR JURY TRIAL**

In this action, Plaintiffs seek to recover damages allegedly caused by Defendant's negligent operation of a motor vehicle. The matter is before the Court on Plaintiffs' motion for jury trial. (Pl.'s Motion to File Jury Demand, ECF No. 14.) Defendant opposes the motion. (ECF No. 16.) After consideration of the parties' arguments, the Court grants Plaintiffs' motion.

**Discussion**

Federal Rule of Civil Procedure 38 provides in relevant part: "a party may demand a jury trial by … serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(a). Furthermore, "[a] party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d).

Defendant filed his answer to Plaintiffs' complaint on November 16, 2015. (ECF No. 5.) If Defendant's answer is considered the last pleading directed to the jury trial issue, under Rule 38, Plaintiffs' jury trial demand was due to be filed by November 30, 2015. Plaintiffs filed their motion

for jury trial on January 15, 2016.[1] Defendant, therefore, contends that Plaintiffs have waived their right to a jury trial.

Pursuant to Federal Rule of Civil Procedure 39, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). Consistent with the Rule, the First Circuit has determined that "the district court may, in its discretion, excuse a party's waiver of a jury trial." *T G Plastics Trading Co. v. Toray Plastics (Am.), Inc.*, 775 F.3d 31, 36 (1st Cir. 2014). The court's discretion to do so "is very broad." *Id.* (quoting *Rowlett v. Anheuser-Busch, Inc.*, 832 F.2d 194, 199 – 200 (1st Cir. 1987)). The typical factors that guide the exercise of discretion include: (1) whether the issues are best tried to a jury; (2) whether relief from waiver would disrupt the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of any resulting delay; and (5) the reason for the movant's tardiness in requesting a jury trial. *Id.*

In essence, Plaintiffs maintain that they did not request a trial by jury because they did not believe Defendant would seriously contest liability. According to Plaintiffs, their assessment changed upon receipt of Defendant's answers to interrogatories. In his objection to the motion, Defendant contends that Plaintiffs' reason for the late request is insufficient to excuse the waiver.

Plaintiffs' failure to request a jury trial was not the result of Plaintiffs' disregard of the Court's procedural rules, nor was it the product of dilatory conduct. Instead, Plaintiffs initially opted not to request a jury trial based on their perception of the trial issues. When discovery changed Plaintiffs' perception of the likely trial issues, Plaintiffs reassessed their jury trial decision. The nature of the contested issues for trial is a reasonable factor for a party to consider when deciding whether to request

---

[1] The Court's scheduling order established February 1, 2016, as the deadline for amendment of the pleadings. (ECF No. 6.)

a trial by jury. Logically, therefore, a perceived change in the contested issues would constitute a legitimate basis to revisit a party's initial decision.[2]

Even assuming, however, that the stated reason for the late request is not compelling, as the First Circuit stated in *Toray Plastics*, the reason for the request is merely one of several factors the Court should consider when it assesses whether to excuse the waiver. The other factors all support the granting of Plaintiffs' request. First, liability and damages issues in personal injury actions are regularly tried to a jury. In addition, insofar as discovery is not due to close until July 18, 2016, and trial is not anticipated until November 2016, the grant of Plaintiffs' motion would not disrupt the court's schedule or the parties' schedules, and would not otherwise delay the matter. Finally, the Court cannot discern any prejudice to Defendant if the Court grants the motion.

## Conclusion

Based on the foregoing analysis, the Court grants Plaintiffs' Motion to File Jury Demand. (ECF No. 14.) The Clerk will enter Plaintiffs' demand on the docket and no further filing is necessary.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

                                                /s/ John C. Nivison
                                               U.S. Magistrate Judge

Dated this 19th day of February, 2016.

---

[2] The Court understands that Defendant challenges the reasonableness of Plaintiffs' belief that liability would not be seriously contested. While the Court references Plaintiffs' perception of the contested issues in the case, the Court's decision and analysis should not be construed as a finding that any of Defendant's pleadings, or that any representations by Defendant's counsel suggested that Defendant would not contest liability.